DOWNEY, Judge.
Appellant, John W. Hoke, sued the appel-lees, Fort Lauderdale Board of Adjustment and City of Fort Lauderdale, for declaratory and injunctive relief to obtain a declaration of his rights under certain city ordinances as they relate to his construction of a carport on his property located in the City of Fort Lauderdale. Among other things, Hoke alleged that he had constructed a carport in his rear yard without a permit, and that the city had denied him a late permit because the carport violated the side and rear yard setback requirements of section 47-11.4 of the Code of the City of Fort Lauderdale. Hoke sought a declaration that the carport was a parking structure and, as such, constituted an exception to the setback requirements of section 47-11.-4(f) of the Code.
The complaint also alleged that the dispute had initially arisen when the city cited Hoke for the setback violation. After he was cited for the violation, Hoke applied to the City Board of Adjustment for a variance, which was denied. Hoke then petitioned the circuit court to review that denial by writ of certiorari, which was also denied. Hoke’s complaint alleged further that he then filed a petition for writ of certiorari in the district court of appeal, without success.
The appellees filed a motion to dismiss the complaint for declaratory relief on grounds of res judicata, attaching six exhibits to the motion, which include a transcript of the hearing before the Board of Adjustment, copies of the petition for common law certiorari filed in the circuit court and district court, and the responses thereto.
The trial court granted the motion to dismiss based upon the defense of res judi-cata. We reverse on the basis that the dismissal was premature. While a complaint can be dismissed based on res judica-ta if it clearly shows on the face of the complaint that res judicata applies, ordinarily res judicata is an affirmative defense, the burden of proof lying with the defendant. Here, we have a speaking motion filed by appellees, wherein they attach numerous pleadings to their motion to dismiss as proof of the defense. The rule requires that the defense clearly appear on the face of the complaint. We hold that this complaint does not, within its four corners, demonstrate that the question presented here has been previously adjudicated. The complaint simply mentions a prior proceeding.
Accordingly, we reverse the judgment appealed from and remand the cause with directions to allow appellees to file their answer and affirmative defenses, and for further proceedings as they may be advised.
REVERSED AND REMANDED, with directions.
DELL, J., and RIVKIND, LEONARD, Associate Judge, concur.